E-FILED on    06/02/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BEIJING TONG REN TANG (USA) CORP, a California corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>TRT USA CORPORATION, a California corporation, GUANGMING SUN aka GEORGE SUN, an individual, MEI XU, an individual, PENGTAO ZHANG aka JOHN ZHANG, an individual,<br><br>   Defendants. | No. C-09-00882 RMW<br><br><br>ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE<br><br>**[Re Docket Nos.  21, 23, 42]** |

Plaintiff Beijing Tong Ren Tang USA Corp. ("Beijing TRT") brings this action alleging unfair competition, false designation of origin, and trademark infringement by defendants TRT USA Corporation ("TRT USA"), and Guangming Sun, Mei Xu, and Pengtao Zhang, who are officers and directors of TRT USA.  TRT USA now moves to dismiss the Beijing TRT's common law trademark infringement claim.  TRT USA also moves to strike certain allegations in the complaint.  For the reasons set forth below, the court grants the motion to dismiss and denies the motion to strike.

**A.    Motion to Dismiss Common Law Infringement Claim**

TRT USA argues that Beijing TRT, as a non-owner, lacks standing to bring a claim for common law trademark infringement.  As the court noted at argument, because standing to sue

1  under Section 43(a) of the Lanham Act is not challenged, common law standing seems of little
2  practical significance.  Nonetheless, the central issue appears to be whether California's common law
3  of trademarks, as distinct from the Lanham Act or California statutory trademark protection, allows
4  a non-owner to bring suit for trademark infringement.  To state a claim for infringement under
5  California common law, a plaintiff must allege 1) its prior use of the trademark and 2) the likelihood
6  of the infringing mark being confused with its mark.  *Wood v. Apodaca,* 375 F.Supp.2d 942, 947-
7  948 (N.D.Cal. 2005).  To show "prior use" a plaintiff must demonstrate that they "first adopt[ed] or
8  use[d] a trade name, either within or without the state," which is the requirement for ownership
9  under the common law.  *Id.* (quoting *American Petrofina, Inc. v. Petrofina of California, Inc.*, 596
10  F.2d 896, 897 (9th Cir. 1979)).  Because Beijing TRT does not allege that it was the first to adopt or
11  use the mark at issue, it may not bring suit for common law infringement under California law.  TRT
12  USA's motion to dismiss Beijing TRT's fourth claim is granted.

13       **B.**     **Motion to Strike**

14       Fed. R. Civ. P. 12(f) provides that the "court may strike from a pleading an insufficient
15  defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike are
16  generally disfavored, and constitute a "drastic remedy."  2 MOORE'S FEDERAL PRACTICE, § 12.37[1]
17  (Matthew Bender 3d ed.1997).  "Immaterial" means that the matter has no bearing on the
18  controversy before the court.  *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F.Supp.2d 955, 965
19  (C.D.Cal. 2000) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) *rev'd on other*
20  *grounds*, 510 U.S. 517, 534-35 (1994)).  If there is any doubt as to whether the allegations might be
21  an issue in the action, courts will deny the motion.  *Id.*  "Impertinent" refers to material that is not
22  responsive or irrelevant to the action and that which is inadmissible as evidence.  *Id.*  "Scandalous"
23  includes allegations that cast a cruelly derogatory light on a party or other person.  *Id.* (citing
24  *Skadegaard v. Farrell*, 578 F.Supp. 1209, 1221 (D.N.J. 1984)).

25       TRT USA moves to strike two aspects of the complaint.  First, all allegations that Beijing
26  TRT has common law trademark rights in the Tong Ren Tang trademarks.  And second, all uses of
27  the phrase "Beijing TRT USA" because it "undermines Defendants TRT's exclusive right in the
28  corporate name TRT USA Corporation."  Mot. to Strike 1.  As to the first, although the court

ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE—No. C-09-00882 RMW
JAS                    2

concludes above that the complaint does not state a claim for common law trademark infringement, allegations in support of (or assuming the existence of) such a claim do not rise to the level of scandal or impertinence.  Next, TRT USA's contention that the abbreviated name used to refer to plaintiff undermines an exclusive right to TRT USA's corporate name does not justify striking the material.  It is initially not clear how TRT USA's purported exclusive rights are undermined.  But even assuming that use of the same abbreviation would be confusing, permitting similar abbreviations in the pleadings is not immaterial, impertinent, or scandalous.  The motion to strike is therefore denied.

### III.  ORDER

For the reasons stated above, the court grants TRT USA's motion to dismiss and denies TRT USA's motion to strike.

DATED: 05/25/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**United States District Court**
**For the Northern District of California**

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Jennifer Lee Taylor     JLeeTaylor@mofo.com
Mimi Yang               mimiyang@mofo.com

**Counsel for Defendants:**

Jingming James Cai      jcai@sacattorneys.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     06/02/09                        JAS
                                        **Chambers of Judge Whyte**