**E-FILED on** 12/18/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BEIJING TONG REN TANG (USA), CORP., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>TRT USA CORPORATION, a California corporation, GUANGMING SUN aka GEORGE SUN, an individual, MEI XU, an individual, PENGTAO ZHANG aka JOHN ZHANG, an individual,<br><br>　　　　　Defendants.<br>_____<br>TRT USA CORPORATION, a California corporation, GUANGMING SUN, an individual,<br><br>　　　　　Counter-Claimants,<br><br>　　　v.<br><br>CHINA BEIJING TONG REN TANG GROUP CO. LTD., a Chinese corporation, BEIJING TONG REN TANG (USA), CORP., a California corporation, CHUANLI ZHOU, an individual,<br><br>　　　　　Counter-Defendants. | No. C-09-00882 RMW<br><br>ORDER DENYING MOTION TO STAY PROCEEDINGS<br><br>**[Re Docket No. 70]** |

Defendants TRT USA Corporation, George Sun, Mei Xu, and John Zhang (collectively "TRT USA") move to stay this action in light of a pending state court action and a pending proceeding before the United States Trademark Trial and Appeal Board. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

On December 10, 2008, TRT USA filed a complaint in state court against Beijing Tong Ren Tang (USA) Corporation ("Beijing TRT"). Ex. B to Decl. of J. James Li ("Li Decl."). TRT USA's pending claims against Beijing TRT in the state court action are: (1) breach of contract, (2) fraud, (3) breach of fiduciary duty, (4) misappropriation of trade secrets, (5) defamation and trade libel, (6) unfair competition, and (7) civil conspiracy. Ex. C to Li Decl. On July 10, 2009, Beijing TRT filed the following counterclaims against TRT USA in the state court action: (1) breach of contract, (2) conversion, (3) fraud, (4) intentional infliction of emotional distress, (5) false light invasion of privacy, (6) abuse of process, and (7) civil conspiracy. Ex. D to Li Decl.

On February 27, 2009, Beijing TRT filed the instant action in federal court against TRT USA, alleging: (1) unfair competition, false designation of origin, and false advertising under the Lanham Act; (2) unfair business practices under Cal. Bus. & Prof. Code. § 17200, *et. seq.*; (3) deceptive, false, and misleading advertising under Cal. Bus. & Prof. Code § 17500, *et. seq.*; (4) common law trademark infringement; and (5) common law unfair competition. Compl. pp. 13-18. On July 10, 2009, TRT USA filed the following counterclaims against Beijing TRT and Chuanli Zhou ("Zhou")[1]: (1) cancellation of trademarks, (2) declaratory judgment for abandonment of trademarks, (3) unfair competition, false designation of origin, and false advertising under the Lanham Act, (4) assault, (5) intentional infliction of emotional distress, and (6) negligent infliction of emotional distress. Counter-Compl. pp. 21-23.

On November 3, 2009, TRT USA filed a petition with the United States Trademark Trial and Appeal Board ("Trademark Board") to cancel registration of Beijing TRT's "TONG REN TANG" and "BEIJING TONG REN TANG" trademarks. Ex. E to Li Decl.

---

[1] Zhou is Beijing TRT's Chief Executive Officer, a major shareholder of TRT, and a member of TRT's Board of Directors. Decl. of May Xu ¶¶ 3–4.

TRT USA now seeks a stay of this action in light of the pending state court action ("State Court Action") and pending proceeding before the United States Trademark Trial and Appeal Board ("Trademark Board Action").

## II. ANALYSIS

### A. Legal Standard

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The Ninth Circuit set forth a balancing test for determining when it is appropriate to stay proceedings. The court must weigh the following competing interests:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* at 1110.

### B. Possible Damage if Stay is Granted

Beijing TRT points to two types of damage that it argues would result if a stay is granted: (1) irreparable damage to its reputation from TRT USA's continued sales of unlicensed and counterfeit goods under its TONG REN TANG trademarks and (2) damage to counter-defendant Zhou's reputation from not being able to clear his name with respect to the counterclaims TRT USA asserted against him. On December 18, 2009, the court granted in part Beijing TRT's motion for a preliminary injunction, enjoining TRT USA from selling unlicensed and counterfeit goods under Beijing TRT's trademarks. In light of this preliminary injunction, the remaining potential harm includes harm resulting from TRT USA's alleged conduct that was not enjoined and harm from Zhou's inability's to clear his name with respect to TRT USA's counterclaims against him. The court thus finds irreparable injury could result from granting a stay.

### C. Hardship or Inequity if Stay is Denied

The Supreme Court has held that the party seeking a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255. The only hardship or inequity that TRT USA alleges would result from denying the stay is that TRT USA

ORDER DENYING MOTION TO STAY PROCEEDINGS—No. C-09-00882 RMW
CCL                                             3

1 would have to continue to litigate this proceeding, which it would find financially burdensome.
2 However, "being required to defend a suit, without more, does not constitute a 'clear case of
3 hardship or inequity.'" *Lockyer*, 398 F.3d at 1112. Therefore, the court finds that TRT USA has
4 failed to establish a "clear case of hardship or inequity." *Landis*, 299 U.S. at 255. TRT USA
5 focused its oral argument on the contention that judicial economy justified a stay of the instant
6 federal action. See below.

**D.      Simplification of Issues Expected to Result**

   **1.      State Court Action**

The instant action before the court centers on trademark issues. Beijing TRT alleges that TRT USA engaged in infringing, unauthorized use of its trademarks in connection with sales of unauthorized products. Compl. pp. 7-12. TRT USA has counterclaimed, seeking cancellation of trademarks and declaratory judgment for abandonment of trademarks. Counter-Compl. The State Court Action does not involve trademark issues; it involves breach of contract, fraud, and several other claims. Ex. C to Li Decl. Nonetheless, TRT USA contends that staying the instant action pending resolution of the State Court Action would be conducive to judicial economy due to overlap in the facts it alleges in both cases. In the State Court Action, the factual basis for TRT USA's breach of contract claim is that Beijing TRT allegedly agreed to make TRT USA its exclusive general distributor for its products in the United States. *Id.* According to TRT USA, it was licensed to use Beijing TRT's trademarks as part of its contractual agreements with Beijing TRT. *Id.* This alleged fact is relevant to the instant case because one of TRT USA's affirmative defenses against trademark infringement is that Beijing TRT authorized it to use Beijing TRT's TONG REN TANG trademarks. Ans. p. 13. Although the court recognizes the relevance of this alleged license agreement, even if the facts were found to be as TRT USA alleges, it would not summarily resolve all of the trademark claims at hand. In particular, it would leave unresolved Beijing TRT's claim that TRT USA has continued to engage in unlicensed, counterfeit sales, even after the end of their contractual relationship.

The primary benefit of a stay, in terms of judicial economy, would be avoiding duplicate discovery for overlapping relevant facts. If the parties were to coordinate discovery in this action

1 and the State Court Action, that would provide the benefit of avoiding duplicate discovery efforts
2 without delaying the resolution of the pending trademark claims. Therefore, rather than staying this
3 action, the court suggests that the parties coordinate discovery in this action and the State Court
4 Action and agree that the discovery can be used in either case. If Beijing TRT refuses to agree that
5 discovery conducted in either case can be used in both cases, the court will reconsider this order
6 upon TRT USA's request.

### 2. Trademark Board Action

Although TRT USA relies primarily upon the State Court Action to justify its request for a stay, it also points to the Trademark Board Action as supporting its contention that judicial economy would be served by granting a stay. TRT USA has petitioned the Trademark Board to cancel Beijing TRT's TONG REN TANG trademarks. Ex. E to Li Decl. It is undisputed that there is significant overlap in the issues to be addressed in the instant action and those arising in the Trademark Board Action. Nonetheless, a determination in favor of TRT USA in the Trademark Board Action would not necessarily resolve the issues in this case because the Trademark Board:

> is not an ordinary administrative agency whose findings control unless set aside after court review under a highly deferential standard. Under the Lanham Act, where a contested Board proceeding has already addressed the validity of the mark, the Board's findings can be challenged in a civil action in district court through new evidence, and, at least to a large extent, the issues can be litigated afresh.

*Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1163 (9th Cir. 2007) (quoting *PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 80 (1st Cir. 1996)). In addition, the court notes that TRT USA just recently filed its cancellation request although plaintiff's trademark action was filed on February 27, 2009. Moreover, because the Trademark Board cannot grant an injunction or damages for infringement, where infringement has been alleged, "federal courts are particularly well-suited to handle the claims so that parties may quickly obtain a determination of their rights without accruing potential damages." *Rhoades*, 504 F.3d at 1164-65.

In light of the ease of relitigating the Trademark Board's administrative findings and the inability of the Trademark Board to grant an injunction or damages for infringement, the Ninth Circuit held in *Rhoades* that the district court abused its discretion in declining to hear a trademark claim, where there was a potential infringement lawsuit, based on the existence of a related

Trademark Board proceeding. *Id.* at1164-65. At the same time, the Ninth Circuit recognized that where the only issue faced by the district court is whether a mark is entitled to registration, it may make sense to stay the action pending resolution of the registration claims by the Trademark Board. *Id.* at 1165. In this case, Beijing TRT has alleged infringement of its trademarks. Therefore, the court finds that, as in *Rhoades*, it would be more efficient to settle the registration issues along with the infringement issues in the instant case rather than staying the case pending resolution of the Trademark Board Action.

### III. ORDER

For the foregoing reasons, the court denies the motion to stay proceedings.

DATED: 12/18/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Jennifer Lee Taylor | JLeeTaylor@mofo.com |
| Mimi Yang | mimiyang@mofo.com |
| Suzan Yee | syee@tsaochow.com |
| William James Taylor | wtaylor@tsaochow.com |
| Teddy Tsao-Wu | ttsaowu@tsaochow.com |

**Counsel for Defendants:**

J. James Li                lij@gtlaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    12/18/09                          CCL
                                                               **Chambers of Judge Whyte**