**E-FILED on** 1/5/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BEIJING TONG REN TANG (USA), CORP., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>TRT USA CORPORATION, a California corporation, GUANGMING SUN aka GEORGE SUN, an individual, MEI XU, an individual, PENGTAO ZHANG aka JOHN ZHANG, an individual,<br><br>    Defendants.<br>_____<br>TRT USA CORPORATION, a California corporation, GUANGMING SUN, an individual,<br><br>    Counter-Claimants,<br><br>    v.<br><br>CHINA BEIJING TONG REN TANG GROUP CO. LTD., a Chinese corporation, BEIJING TONG REN TANG (USA), CORP., a California corporation, CHUANLI ZHOU, an individual,<br><br>    Counter-Defendants. | No. C-09-00882 RMW<br><br>ORDER GRANTING MOTION TO DISMISS AND TO STRIKE PORTIONS OF COUNTER-COMPLAINT<br><br>**[Re Docket No. 68]** |

**United States District Court**
For the Northern District of California

Plaintiff Beijing Tong Ren Tang USA Corp. ("Beijing TRT") brings this action against TRT USA Corp. ("TRT USA") and three of its officers and directors. TRT USA and individual defendant Guangming Sun bring a Counter-Complaint against Beijing TRT as well as China Beijing Tong Ren Tang Group Co., Ltd. ("CBTG") and Chuanli Zhou. Beijing TRT now moves to dismiss with prejudice the Third, Fourth, Fifth, and Sixth Counter-Claims[1] and to strike portions of the Counter-Complaint. Counter-claimants did not file a substantive opposition or appear at oral argument. Having considered the papers submitted by the parties and for good cause appearing for the reasons set forth below, the court grants the motion to dismiss, but with leave to amend, and grants the motion to strike.

## I. MOTION TO DISMISS

### A. Attribution of Claims

The Counter-Complaint is brought by two counter-claimants, TRT USA and Sun, but it is not explicitly indicated which counter-claimants are asserting each counterclaim. Each of the relevant counterclaims, however, refers to only one counter-claimant, i.e., the Third Counter-Claim only refers to TRT USA, while the Fourth, Fifth, and Sixth Counter-Claims only refer to Sun. For each counterclaim, Beijing TRT argues that the claim should be dismissed as to the counter-claimant who is not mentioned because that party lacks standing. It is clear that, with respect to these claims, one counter-claimant cannot recover on behalf of the other. Therefore, to the extent that such claims are asserted in the first place, the court dismisses with prejudice Sun's Lanham Act claim (Third Counter-Claim) and TRT USA's claims for assault, intentional infliction of emotional distress, and negligent infliction of emotional distress (Fourth, Fifth, and Sixth Counter-Claims).

### B. TRT USA's Lanham Act Claim

TRT USA brings a claim for unfair competition, false designation of origin, and false advertising under 15 U.S.C. § 1125 based on its rights in the marks "TRTUSA" and a design mark for the Chinese characters "Tong Ren Yu Ping." Counter-Complaint ¶¶ 16, 45-49. Beijing TRT argues that the allegations fail to establish that TRT USA has valid and protectable rights in these marks. "It is axiomatic in trademark law that the standard test of ownership is priority of use."

---

[1] The First and Second Counter-Claims are brought against CBTG only.

*Sengoku Works v. RMC Int'l*, 96 F.3d 1217, 1219 (9th Cir. 1996). Thus, "the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Id.* However, "trademark rights can vest even before any goods or services are actually sold" if, looking at the totality of actions taken, the mark has been used "in a way sufficiently public to identify or distinguish the marked goods . . . as those of the adopter of the mark." *Brookfield Comm'n, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1052 (9th Cir. 1999) (quoting *New W. Corp. v. NYM Co. of Cal.*, 595 F.2d 1194, 1200 (9th Cir. 1979)).

TRT USA alleges that it has used its marks since at least 2005, but the only uses described are that "TRT USA adopted the name TRT USA Corporation on June 13, 2005, and registered the domain name of www.trtusa.com on June 14, 2005." Counter-Complaint ¶ 31. TRT USA does not allege what connection these uses had to any marked goods, nor does it allege any specific use of the "Tong Ren Yu Ping" mark. Moreover, registration of a domain name "does not in itself constitute 'use' for the purposes of acquiring trademark priority." *Brookfield*, 174 F.3d at 1051. Taken together, the allegations of the Counter-Complaint do not indicate either use in the sale of goods or use sufficiently public to identify marked goods as those of TRT USA. Thus, TRT USA has not sufficiently pleaded that it has rights in the marks underlying its Lanham Act claim.

### C. Sun's Tort Claims

Sun brings counterclaims for assault, intentional infliction of emotional distress, and negligent infliction of emotional distress. Beijing TRT argues that these claims fail for a variety of reasons, including insufficient factual allegations to support certain elements of each claim. All three claims are based solely on the following alleged conduct by Zhou:

> Following the filing of TRT USA's complaint [in state court], Zhou contacted three business associates of Guangming Sun in both China and US, Yi Sun, Guang Li Sun, and Peng Tao Zhang. Zhou told each of these individuals that Zhou had "gangster" friends who could "settle" any disputes by "any means" and that Zhou could make Sun "disappear".

Counter-Complaint ¶ 37. Zhou allegedly made these statements as an agent of CBTG and on his own behalf in an effort to force TRT USA to dismiss its claims against them. *Id.* ¶¶ 51, 57, 61.

As an initial matter, Beijing TRT argues that the tort claims should be dismissed as to itself because counter-claimants have not tied any of the tort allegations to Beijing TRT. This ignores the

fact that counter-claimants have alleged that Beijing TRT is an alter ego of Zhou and CBTG. Counter-Complaint ¶¶ 9-15. Because the court finds the tort claims should be dismissed on other grounds, it does not address the sufficiency of counter-claimants' alter ego allegations.

### 1. Assault

Sun's assault claim fails because "[m]ere words, however threatening, will not amount to an assault." 5 Witkin, *Summary of California Law* § 383 (10th ed. 2005); *accord* Restatement (Second) of Torts § 31 ("Words do not make the actor liable for assault unless together with other acts or circumstances they put the other in reasonable apprehension of an imminent harmful or offensive contact with his person."). The Counter-Complaint does not plead what, if anything, beyond Zhou's words caused Sun to fear an imminent harmful contact.

### 2. Intentional Infliction of Emotional Distress

Sun's claim for intentional infliction of emotional distress fails because he does not adequately plead that he suffered severe emotional distress resulting from Zhou's alleged conduct. To sustain a claim for intentional infliction of emotional distress, a plaintiff must plead (1) extreme and outrageous conduct by the defendant, (2) intent to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional distress, and (4) actual and proximate causation of the emotional distress. *Bogard v. Employers Cas. Co.*, 164 Cal. App. 3d 602, 616 (1985). The emotional distress must be "of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." *Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376, 397 (1970). A bare allegation that one suffered severe emotional distress is not enough. *See Bogard*, 164 Cal. App. 3d at 617-18; *see also Ashcroft v. Iqbal*, 550 U.S. __, 129 S. Ct.1937, 1940 (2009) (holding "[t]hreadbare recitals of the elements of a cause of action" do not satisfy Fed. R. Civ. P. 8). In *Bogard*, the plaintiffs alleged that they had "suffered mental anguish and emotional distress, and became ill, nervous and upset." 164 Cal. App. 3d at 607 n.2. The court affirmed dismissal because, "[a]lthough appellants alleged they suffered emotional distress, they failed to set forth any facts which indicate the nature or extent of any mental suffering incurred as a result of [the defendant's] alleged outrageous conduct." *Id.* at 617-18. Here, like in *Bogard*, the

Counter-Complaint alleges only that "Sun has suffered severe anxiety and emotional distress." Counter-Complaint ¶¶ 38, 59. Thus, dismissal is proper.

Beijing TRT also argues that Zhou's alleged actions do not amount to extreme and outrageous conduct. Beijing TRT relies on *Cochran v. Cochran*, 65 Cal. App. 4th 488 (1998), in which the defendant allegedly left a message on an answering machine stating that he would deliver for one of the plaintiffs "the Value Jet around the world vacation package," referring to the then recent crash of a Value Jet airliner which killed all aboard. *Id.* at 492. The court held that the message "was the 'steam' of an irascible temper and not smoke from the fire of an actionable death threat." *Id.* at 497. However, the court finds this case more akin to *Kiseskey v. Carpenters' Trust for Southern California*, 144 Cal. App. 3d 222, 229-30 (1983), which held that telephone threats of physical violence and death constituted outrageous conduct. The *Cochran* court distinguished its holding from *Kiseskey* by finding that, to the extent the "Value Jet" message could be characterized as a threat, "its meaning is hidden and lacking in immediacy." *Cochran*, 65 Cal. App. 4th at 498. In contrast, Zhou's alleged statements amount to "thinly veiled threats of physical violence," *id.*, made as part of an ongoing business dispute.

Beijing TRT raises two additional arguments with respect to Sun's claim for intentional infliction of emotional distress: (1) Zhou's alleged conduct is not actionable because it was not directed at Sun, and (2) counter-claimants fail to plead the requisite intent. The court finds that, although the pleading is marginal, the allegations are sufficient to support an inference that Zhou acted intentionally or recklessly and that he directed his conduct at Sun.

### 3. Negligent Infliction of Emotional Distress

Sun's claim for negligent infliction of emotional distress fails because defendants did not owe him an independent duty of care. "[I]t is well settled that negligent emotional distress infliction is not an independent tort; rather it is the tort of negligence to which the duty element applies." *Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 463 (2003). Recovery is available only in two situations: (1) where the defendant "assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object" or (2) where the defendant breached some other legal duty and the emotional distress is proximately caused by that breach. *Potter v. Firestone Tire & Rubber Co.*, 6

Cal. 4th 965, 985 (1993). "[F]oreseeability that serious emotional distress might result, without more, is not enough." *Friedman*, 107 Cal. App. 4th at 470.

Here, the only duty alleged is "a duty to refrain from using threats of violence in order to settle claims." Counter-Complaint ¶ 62. This is not a duty of care but an attempt to cast intentional conduct as a negligence claim. *See Jones v. Tozzi*, 2006 U.S. Dist. LEXIS 41189, at *43-44 (E.D. Cal. June 2, 2006) (finding "the conduct alleged [consisting of threats and insults] is intentional and wholly inconsistent with a negligence claim"). The Counter-Complaint fails to set forth any facts supporting recovery under a negligence theory.

### D. Leave to Amend

Beijing TRT moves the court to dismiss the relevant counterclaims with prejudice and without leave to amend. "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991). Here, although the claims are deficient, it is possible that with additional factual details counter-claimants may be able to state a claim. Therefore, the court finds that dismissal with leave to amend is appropriate.

## II. MOTION TO STRIKE

Fed. R. Civ. P. 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See also* Order of June 2, 2009 Granting Motion to Dismiss and Denying Motion to Strike, at 2:14-24. Beijing TRT moves to strike paragraphs 22 through 30 of the Counter-Complaint, which in essence allege that counter-defendants violated rules and regulations enforced by the United States Food and Drug Administration and engaged in a scheme to circumvent enforcement. In some situations, such matters may bear on trademark litigation because "use in commerce only creates trademark rights when the use is *lawful*." *CreAgri, Inc. v. USANA Health Scis., Inc.*, 474 F.3d 626, 630, 633-34 (9th Cir. 2007) (holding that unlawful use does not establish priority); *see also* T.M.E.P. § 907 (providing that, in certain circumstances, noncompliance with federal laws and regulations is a basis for refusing trademark registration). However, as pleaded, the claim for cancellation of CBTG's trademarks is based on naked licensing, not lack of priority of use. It is not apparent to the court

United States District Court
For the Northern District of California

how the allegations of paragraphs 22 through 30 bear on the dispute in this particular case. Nor did counter-claimants avail themselves of opportunities to provide an explanation in an opposition brief or at oral argument. Thus, the motion to strike is granted.

### III. ORDER

For the foregoing reasons, the court grants Beijing TRT's motion to dismiss with leave to amend and grants Beijing TRT's motion to strike. The Third, Fourth, Fifth, and Sixth Counter-Claims are dismissed, with prejudice as to Sun on the Third Counter-Claim and as to TRT USA on the Fourth, Fifth, and Sixth Counter-Claims, and without prejudice otherwise. Paragraphs 22 through 30 of the Counter-Complaint are stricken. Counter-claimants have 20 days from the date of this order to amend the Counter-Complaint.

DATED: 1/5/10

RONALD M. WHYTE
United States District Judge

ORDER GRANTING MOTION TO DISMISS AND TO STRIKE PORTIONS OF COUNTER-COMPLAINT—No. C-09-00882 RMW LJP
7

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Jennifer Lee Taylor | JLeeTaylor@mofo.com |
| Mimi Yang | mimiyang@mofo.com |
| Suzan Yee | syee@tsaochow.com |
| William James Taylor | wtaylor@tsaochow.com |
| Teddy Tsao-Wu | ttsaowu@tsaochow.com |

**Counsel for Defendants:**

J. James Li        lij@gtlaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    1/5/10                 CCL
                                                  **Chambers of Judge Whyte**