**United States District Court**
For the Northern District of California

**E-FILED on** 3/8/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BEIJING TONG REN TANG (USA) CORP., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRT USA CORPORATION, a California corporation, GUANGMING SUN aka GEORGE SUN, an individual, MEI XU, an individual, PENGTAO ZHANG aka JOHN ZHANG, an individual,<br><br>Defendants.<br>_____<br>TRT USA CORPORATION, a California corporation, GUANGMING SUN, an individual, MEI XU, an individual, PENGTAO ZHANG, an individual,<br><br>Counter-Claimants,<br><br>v.<br><br>BEIJING TONG REN TANG (USA) CORP., a California corporation, CHUANLI ZHOU, an individual,<br><br>Counter-Defendants. | No. C-09-00882 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND TO STRIKE PORTIONS OF FIRST AMENDED COUNTERCLAIM<br><br>**[Re Docket No. 96]** |

**United States District Court**
For the Northern District of California

Plaintiff Beijing Tong Ren Tang USA Corp. ("Beijing TRT") brings this action against TRT USA Corp. ("TRT USA") and three of its officers and directors, Guangming Sun, Mei Xu, and Pengtao Zhang. TRT USA and the three individual defendants filed a First Amended Counterclaim ("FAC") against Beijing TRT and Chuanli Zhou,[1] an individual, alleging: (1) fraud, (2) breach of fiduciary duty, (3) misappropriation of trade secrets, (4) defamation and trade libel, (5) intentional infliction of emotional distress, and (6) unfair competition. Beijing TRT and Zhou now move to dismiss with prejudice all six counts in the FAC and to strike portions of the FAC. For the reasons set forth below, the court grants the motion in part and denies the motion in part.

## I. MOTION TO DISMISS

### A. Claims Asserted by Individual Counter-Claimants

Beijing TRT and Zhou (collectively "Counter-Defendants") argue generally that all counterclaims should be dismissed for failure to give notice as to which counter-claimants seek relief for which claims. Alternatively, they seek dismissal of counterclaims asserted by the individual counter-claimants Sun, Xu, and Zhang for lack of standing.

"Under California law, 'a shareholder cannot bring a direct action for damages against management on the theory their alleged wrongdoing decreased the value of his or her stock . . . The corporation itself must bring such an action, or a derivative suit may be brought on the corporation's behalf.'" *Schuster v. Gardner*, 127 Cal. App. 4th 305, 312 (2005) (quoting Friedman, Cal. Practice Guide: Corporations (The Rutter Group 2004) ¶ 6:601, p.6-128.1)). Shareholders cannot bring a direct action if "the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance of distribution among individual holders. . . . An individual cause of action exists only if damages to the shareholders were not *incidental* to damages to the corporation." *Id.* at 313.

With respect to Counts One, Two, Three, and Six, the court finds that to the extent that Sun and Zhang were harmed by the alleged misconduct, the injury was to TRT USA's stockholders as a whole and could not be said to be incidental to the damage to TRT USA. As for Xu, the FAC does

---

[1] Zhou is alleged to be an owner, founder, director, officer, and manager of Beijing TRT. FAC ¶ 4.

not allege that she is a shareholder of TRT USA, nor does it allege any fiduciary duty owed to her or any other basis for finding injury to her. Therefore, the individual counter-claimants cannot bring direct actions under Counts One, Two, Three, and Six.[2] Accordingly, the court dismisses these claims as asserted by Sun, Xu, and Zhang with prejudice.

### B. Count One - Fraud

TRT USA and individual defendants Sun, Xu, and Zhang (collectively "Counter-Claimants") bring a claim for fraud against Beijing TRT and Zhou. From the FAC, it appears that Counter-Claimants are bringing a claim for fraudulent deceit under California Civil Code §§ 1709, 1710. However, based on Counter-Claimants' opposition papers, it appears that their fraud claim is based on actual fraud as defined by California Civil Code § 1572.

#### 1. California Civil Code § 1572

California Civil Code § 1572 defines actual fraud as:

> any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract:
> 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;
> 2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;
> 3. The suppression of that which is true, by one having knowledge or belief of the fact;
> 4. A promise made without any intention of performing it; or,
> 5. Any other act fitted to deceive.

Cal. Civ. Code § 1572. To establish fraud under § 1572, the promisor and promisee must both be parties to a contract. Cal. Civ. Code § 1572; *Wilkins v. Nat'l Broadcasting Co.*, 71 Cal. App. 4th 1066, 1083-84 (1999). The only contracts alleged in the FAC are between Beijing TRT and TRT USA. Therefore, the FAC fails to state a claim for actual fraud against individual counter-defendant

---

[2] The individual counter-claimants argue that they should be permitted to assert claims because Beijing TRT alleges in its complaint that there is "a unity of interest and ownership between the Defendants Zhang, Sun, and Xu (collectively "Individual Defendants") and TRT-USA, such that any individuality and separateness between the Individual Defendants and TRT-USA has ceased." Compl. ¶ 10. Though Beijing TRT has made this allegation, the individual counter-claimants have not alleged such a unity of interest and ownership in the FAC. To the contrary, they have denied this alleged unity of interest and ownership in their answer. Ans. ¶ 10.

Zhou. Therefore, to the extent Counter-Claimants bring a claim of actual fraud under § 1572, the court dismisses this claim against Zhou with prejudice.

### 2. California Civil Code §§ 1709, 1710

The required elements for pleading a cause of action for fraudulent deceit under California Civil Code §§ 1709, 1710 are different from what is required for pleading actual fraud under § 1572. Under § 1709, "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." Cal. Civ. Code § 1709. In other words, to state a claim for fraudulent deceit, one must allege: "(1) misrepresentation (false representation, concealment or known disclosure); (2) knowledge of falsity (scienter); (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Zinn v. Ex-Cell-O Corp.*, 148 Cal. App. 2d 56, 68 (1957). Making a promise without any intention of performing it constitutes deceit and satisfies the misrepresentation and scienter requirements. Cal. Civ. Code § 1710. Unlike under § 1572, there is no requirement that the promisor and promisee both be parties to a contract.

### 3. Rule 9(b)'s Heightened Pleading Requirement

Under Federal Rule of Civil Procedure 9, a claim of fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. Proc. 9(b). In other words, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)) (internal quotations omitted).

Counter-Claimants' fraud claim is based on Counter-Defendants' alleged promise: (1) to grant TRT USA an exclusive general distributorship in the United States and (2) to comply with all relevant laws of the United States, including Food and Drug Administration ("FDA") regulations and Endangered Species Act ("ESA") laws.

As for the alleged promise to comply with all relevant United States laws, the FAC does not allege intent to induce reliance, and it is unclear what damages have allegedly been caused by the failure to keep this promise. The FAC also fails to state clearly the "who, what, when, where, and how of the misconduct charged." *Kearns*, 567 F.3d at 1124. Thus, the FAC fails to state a claim for

fraud based on this alleged promise. The court dismisses Counter-Claimants' fraud claim based on the alleged promise to comply with all relevant United States laws with leave to amend.

As for the alleged promise to grant TRT USA an exclusive general distributorship, the FAC states that TRT USA and Beijing TRT entered into a contract on September 28, 2006, which provided that TRT USA would be the exclusive general distributor for all TongRenTang products in the United States. FAC ¶ 20. The FAC alleges that Beijing TRT never intended to honor this promise, as evidenced by its entering into a distribution contract with Jing Cheong just two months after signing the contract with TRT USA. *Id.* at ¶ 32. Though not directly stated, the FAC alleges sufficient facts to infer that Beijing TRT had the intent to induce TRT USA's reliance by making this alleged promise. Additionally, the FAC states that TRT USA relied upon this alleged promise, investing much money and time into developing the supposedly exclusive general distributorship for TongRenTang products, and as a result suffered economic losses. *Id.* at ¶ 35. With respect to the claim against Beijing TRT, the FAC contains sufficient factual allegations to state a claim for fraud. However, with respect to the claim against Zhou, the FAC fails to state the "who, what, when, where, and how of the misconduct charged." *Kearns*, 567 F.3d at 1124. The court therefore dismisses Counter-Claimants' fraud claim based on the alleged promise to grant TRT USA an exclusive general distributorship, as asserted against Zhou, with leave to amend.

### C. Count Four - Defamation and Trade Libel

All Counter-Claimants (TRT USA as well as the individual defendants, Sun, Xu, and Zhang) bring claims for defamation and trade libel against Beijing TRT and Zhou.

#### 1. Defamation

Counter-Defendants assert that defamation claims are limited to individuals and cannot be asserted by a corporation. This is incorrect as a matter of law. Corporations, like natural persons, may recover for defamation. *DiGiorgio Fruit Corp. v. AFL-CIO*, 215 Cal. App. 2d 560, 570-71 (1963). Counter-Defendants also contend that the FAC fails to adequately plead the elements of special damage and identification of the publication of false statements of fact. However, unlike in a claim for trade libel, special damages need not be alleged or proven for a claim of defamation. *Erlich v. Etner*, 224 Cal. App. 2d 69, 73 (1964). Moreover, the FAC identifies the alleged

publication of various false statements of fact. FAC ¶¶ 47-48. The court therefore denies the motion to dismiss Counter-Claimants' defamation claim.

### 2. Trade Libel

Counter-Defendants assert that none of the individual counter-claimants have standing to pursue a trade libel claim. However, they have failed to offer any case law suggesting that individuals cannot assert a trade libel claim. The court therefore declines to dismiss the claims asserted by the individual counter-claimants on this basis.

"Trade libel is defined as an intentional disparagement of the quality of property which results in pecuniary damages to plaintiff." *Erlich*, 224 Cal. App. 2d at 73. To prevail on a claim for trade libel:

> [the] plaintiff must prove in all cases that the publication has played a material and substantial part in inducing others not to deal with him, and that as a result he has suffered special damages . . . . It is nearly always held that it is not enough to show a general decline in his business resulting from the falsehood, even where no other cause for it is apparent, and that it is only the loss of specific sales that can be recovered. This means, in the usual case, that the plaintiff must identify the particular purchasers who have refrained from dealing with him, and specify the transactions of which he claims to have been deprived.

*Id.* at 73-74 (quoting Prosser on Torts, 764-66). The FAC only alleges that "Counter-Defendants' defamation and trade libel has caused significant damage to Counterclaimants. Counterclaimants will never be able to market any products in the communities affected by the Defaming Statements because of their damaged reputations." FAC ¶ 49. Thus, Counter-Claimants have failed to allege special damages, as required for a claim of trade libel. The court therefore dismisses the claim for trade libel with leave to amend.

### D. Count Five - Intentional Infliction of Emotional Distress

Sun brings a claim of intentional infliction of emotional distress against Beijing TRT and Zhou. Counter-Defendants argue that the claim for intentional infliction of emotional distress should be dismissed as to Beijing TRT because the facts only allege conduct by Zhou. Though the pleading is marginal, the court finds that the allegations, viewed in the light most favorable to Counter-Claimants, are sufficient to support an inference that Zhou acted on behalf of Beijing TRT. FAC ¶¶ 51-54.

To sustain a claim for intentional infliction of emotional distress, a plaintiff must plead: (1) extreme and outrageous conduct by the defendant, (2) intent to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional distress, and (4) actual and proximate causation of the emotional distress. *Bogard v. Employers Cas. Co.*, 164 Cal. App. 3d 602, 616 (1985). Counter-Defendants argue that the FAC fails to allege sufficient facts showing extreme and outrageous conduct. In the court's January 5, 2010 order, the court addressed this issue and found that the allegations in the original counter-complaint were sufficient to constitute extreme and outrageous conduct. *See* January 5, 2010 Order at 5. The FAC contains the same factual allegations, as well as additional allegations of threats of violence. Accordingly, the court finds that the FAC adequately pleads the element of extreme and outrageous conduct.

Counter-Defendants also contend that the FAC contains insufficient allegations to support the requisite intent for a claim of intentional infliction of emotional distress. The court's January 5, 2010 order also addresses this issue: "The court finds that, although the pleading is marginal, the allegations are sufficient to support an inference that Zhou acted intentionally or recklessly." January 5, 2010 Order at 5. As discussed above, the FAC contains the same factual allegations that were made in the original counter-complaint, with some additional detail. In addition to alleging facts from which one could infer intent or recklessness, the FAC alleges that Zhou acted "willfully inflicting the extreme emotional distress on Sun." FAC ¶ 54. The court therefore finds that the FAC adequately pleads the requisite intent.

Finally, Counter-Defendants argue that the distress alleged in the FAC is insufficiently severe. For a claim for intentional infliction of emotional distress, a plaintiff must allege emotional distress that is "of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." *Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376, 397 (1970). The FAC alleges that "[a]s a result of Zhou's threats of violence, Sun has suffered severe anxiety and emotional distress, and had several severe episodes of heart problems, insomnia, and indigestion." FAC ¶ 55. The court finds that, although the pleading is marginal, when viewed in the light most favorable to Counter-Claimants, the allegations are sufficient to support an inference that

Sun suffered severe emotional distress. Therefore, the court therefore denies the motion to dismiss Sun's claim for intentional infliction of emotional distress.

### E. Count Six - Unfair Competition

All Counter-Claimants (TRT USA as well as the individual defendants, Sun, Xu, and Zhang) bring a claim for unfair competition against Beijing TRT and Zhou. This unfair competition claim is based on the common law of California as well as California Business & Professions Code § 17200 *et seq.* ("UCL").

#### 1. Common Law Claim

The common law tort of unfair competition requires a showing of competitive injury. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992). Only a competitor who is injured by the act of "passing off" one's goods as those of another can bring a common law unfair competition claim. *Id.* at 1263-64. The FAC does not contain any allegations suggesting that the Counter-Claimants suffered competitive injury as a result of the complained of conduct relating to their unfair competition claim. Moreover, it does not appear that Counter-Claimants are able to plead such allegations since they do not claim to compete with Beijing TRT. The court therefore dismisses the common law unfair competition claim with prejudice.

#### 2. UCL Claim

A private party may bring suit under the UCL only if he has "suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204; *see also Amalgamated Transit Union v. Superior Court*, 46 Cal. 4th 993, 942 (2009). Under the UCL, unfair competition is defined as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1." Cal. Bus. & Prof. Code § 17200. Unfair competition, as a cause of action, serves to protect business competitors or consumers from being injured as a result of unlawful, unfair, or fraudulent business acts or practices and is not intended to allow a business to recover damages from its own employees or partners for wrongful or fraudulent acts performed by its employees or partners. There are other avenues of relief available for such misconduct.

Counter-Claimants' unfair competition claim is based entirely on alleged misconduct by Zhou, a director of TRT USA, and Beijing TRT, a business partner. FAC ¶¶ 57-58. Therefore, Counter-Claimants have failed to state a claim for unfair competition. The court dismisses this claim with prejudice.

## II. MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Counter-Defendants move to strike paragraphs 25 to 30, 33, and 57 to 58 of the FAC. Paragraphs 25 to 30 and 33 have some relevance to Counter-Claimants' fraud claim. Paragraphs 57 and 58 contain allegations that form the basis of Counter-Claimants' unfair competition claim. Since the unfair competition claim has been dismissed with prejudice, the court grants the motion to strike paragraphs 57 and 58, without prejudice for re-assertion if the factual allegations are relevant for a claim other than unfair competition. The court denies the motion to strike in all other respects.

## III. ORDER

For the foregoing reasons, the court's ruling is as follows:

1. The court dismisses Counts One, Two, Three, and Six as asserted by Sun, Xu, and Zhang with prejudice.

2. Count One - Fraud: The court dismisses any fraud claim based on the alleged promise to comply with all relevant United States laws with leave to amend. For the claim asserted against Zhou, the court also dismisses any claim brought under California Civil Code § 1572 with prejudice and dismisses any claim based on the alleged promise to grant an exclusive general distributorship with leave to amend.

3. Count Four - Defamation and Trade Libel: The court dismisses the trade libel claim with leave to amend.

4. Count Six - Unfair Competition: The court dismisses both the common law claim and the UCL claim with prejudice.

5. In all other respects, the court denies Counter-Defendants' motion to dismiss. Counter-Claimants shall have 20 days from the date of this order to amend the FAC.

6. Paragraphs 57 and 58 are stricken without prejudice for re-assertion if the factual allegations are relevant for a claim other than unfair competition. The court denies the motion to strike in all other respects.

DATED: 3/8/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Suzan Yee                    syee@tsaochow.com
William James Taylor         wtaylor@tsaochow.com
Teddy Tsao-Wu                ttsaowu@tsaochow.com

**Counsel for Defendants:**

J. James Li                  lij@gtlaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 3/8/10                                     CCL
                                              **Chambers of Judge Whyte**