United States District Court
For the Northern District of California

**\*E-FILED 06-10-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BEIJING TONG REN TANG (USA) CORP., | No. C09-00882 RMW (HRL) |
| Plaintiff,<br>v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL** |
| TRT USA CORPORATION, GUANGMING SUN aka GEORGE SUN, MEI XU, PENGTAO ZHANG aka JOHN ZHANG, | |
| Defendants. | **[Re: Docket No. 113]** |
| TRT USA CORPORATION, GUANGMING SUN, MEI XU, and PENGTAO ZHANG, | |
| Counterclaimants,<br>v. | |
| BEIJING TONG REN TANG (USA) CORP. and CHUANLI ZHOU, | |
| Counterdefendants. | |

Plaintiff Beijing Tong Ren Tang (USA) Corp. ("Beijing TRT") moves for an order compelling (1) defendant Sun to answer certain deposition questions and (2) defendants to produce documents responsive to Beijing TRT's requests for production. Defendants oppose the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion in part and denies it in part as follows:

A. <u>Defendant Sun's Deposition</u>

Plaintiff will be given leeway to inquire about the driving school run by Sun and his wife, defendant Mei Xu. <u>See</u> FED. R. CIV. P. 26(b)(1). Accordingly, Sun shall answer questions about the school's annual revenue from 2004 to the present.

Sun shall also identify any investors in TRT USA Corporation ("TRT USA") (including those who may have loaned defendants money for the business), as well as any individuals or entities who have a current financial interest in the company. Fair game for discovery includes information from the time period 2005 (when it is alleged that shares were issued) and 2006 (when it is alleged that those shares were rescinded in connection with the reorganization of TRT USA). To safeguard nonparty privacy rights, the information shall not be disclosed to anyone other than the parties and their counsel and shall be used solely for the purpose of prosecuting, defending or settling this litigation. Plaintiff's belated request (made for the first time in its reply brief) to conduct additional depositions of other individuals or entities at this stage of the litigation is denied.

B. <u>Plaintiff's Requests for Production</u>

Although there was some suggestion that defendants may have balked at producing certain financial information as to TRT USA, there now appears to be no dispute that such information is appropriate discovery. At oral argument, defendants indicated that they believed their production of such documents may be complete. Nevertheless, they agree to produce any responsive information that has not yet been produced. Accordingly, to the extent they have not already done so, defendants shall complete their production of financial information called for by plaintiff's requests within ten days from the date of this order. The production shall include the categories of documents identified by plaintiff in its motion and further clarified at the motion hearing, namely:

(1) balance sheets from January through May 2005;

(2) financial documents from 2004, including annual balance sheets and monthly income statements;

2

(3) documents responsive to Request for Production No. 52, including records detailing how, when and in what amounts defendants accounted for alleged shares issued to Zhou;

(4) inventory and sales for the accused products, including data after the 2009 termination of the parties' agreement (according to plaintiff, such information from 2005, January to September 2006, April 2007, April 2008 and April 2009 has not yet been produced); and

(5) non-privileged information showing TRT USA's budgets and projections re sales, revenues, costs and expenses from defendants' QuickBooks database. Defendants need not, however, produce the entire QuickBooks database.

Additionally, and consistent with this court's ruling as to the scope of Sun's deposition, defendants shall also produce non-privileged documents evidencing the amount of time Sun spent working at the driving school, as well as documents sufficient to show the school's annual revenue and profitability from 2004 to the present. Such documents shall be produced within ten days from the date of this order.

To the extent defendants contend that any responsive information legitimately is privileged or otherwise protected from discovery, such information shall be appropriately identified on a privilege log to be served within ten days from the date of this order. See FED. R. CIV. P. 26(b)(5).

Plaintiff's request for sanctions, made for the first time in its reply brief, is denied.

SO ORDERED.

Dated: June 10, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:09-cv-00882-RMW Notice has been electronically mailed to:

J. James Li     lij@gtlaw.com, henleyr@gtlaw.com, perezdj@gtlaw.com

Jingming James Cai     jcai@sacattorneys.com, dsims@sacattorneys.com, janehzhang@yahoo.com, jvanee@sacattorneys.com

Suzan Yee     syee@tsaochow.com, anguyen@tsaochow.com, bli@tsaochow.com

Teddy Tsao-Wu     ttsaowu@tsaochow.com

William James Taylor     wtaylor@tsaochow.com, william.taylor@sbcglobal.net

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4