**E-FILED on** 7/2/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BEIJING TONG REN TANG (USA), CORP., a California corporation,

Plaintiff,

v.

TRT USA CORPORATION, a California corporation, GUANGMING SUN aka GEORGE SUN, an individual, MEI XU, an individual, PENGTAO ZHANG aka JOHN ZHANG, an individual,

Defendants.
_____

TRT USA CORPORATION, a California corporation, GUANGMING SUN, an individual, MEI XU, an individual, PENGTAO ZHANG, an individual,

Counter-Claimants,

v.

BEIJING TONG REN TANG (USA), CORP., a California corporation, CHUANLI ZHOU, an individual,

Counter-Defendants.

No. C-09-00882 RMW

ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

[Re Docket No. 169]

1    On March 8, 2010, the court dismissed with prejudice the fraud claim in the First Amended Counterclaim ("FAC") as asserted by individual counter-claimants Guangming Sun, Mei Xu, and Pengtao Zhang. On March 29, 2010, defendants filed a Second Amended Counterclaim, again asserting a claim of fraud by Sun, Xu, and Zhang. Consequently, in its June 2, 2010 order, the court noted that these fraud claims by the individual counter-claimants had already been dismissed with prejudice in its March 8, 2010 order and thus remained dismissed.

Sun, Xu, and Zhang now move for leave to file a motion for reconsideration regarding the court's dismissal of their fraud claim against Beijing Tong Ren Tang (USA) Corp. ("Beijing TRT") and Chuanli Zhou. They claim that there was a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b)(3). As an initial matter, the court finds this motion untimely. The court dismissed the individual counter-claimants' fraud claim on March 8, 2010, yet they did not seek reconsideration until three and a half months later, with only five weeks left before trial. Furthermore, they have not demonstrated any failure by the court to consider facts or arguments that were presented to the court at the time the motion to dismiss the FAC was pending.

The individual counter-claimants appear to believe that the court dismissed the fraud claim because they were not parties to a contract with Beijing TRT. To the contrary, the court recognized that there is no requirement that the promisor and promisee both be parties to a contract in order to state a claim for fraudulent deceit. *Beijing Tong Ren Tang (USA), Corp. v. TRT USA Corp.*, No. C-09-00882-RMW, 2010 U.S. Dist. LEXIS 20510, at *6 (N.D. Cal. Mar. 8, 2010).

The court dismissed the fraud claim asserted by Sun, Xu, and Zhang because the alleged injury they suffered was to TRT USA Corp. ("TRT USA")'s shareholders as a whole and was incidental to the damage to TRT USA. *Id.* at *3.[1] Based on the allegations in the FAC, the opposition papers filed, and the arguments presented at the hearing on March 5, 2010, defendants'

---

[1] The March 8, 2010 order contained a typographical error and thus stated: "to the extent that Sun and Zhang were harmed by the alleged misconduct, the injury was to TRT USA's shareholders as a whole and could not be said to be incidental to the damage to TRT USA." The court intended to state that "to the extent that Sun and Zhang were harmed by the alleged misconduct, the injury was to TRT USA's shareholders as a whole and could not be said to *not* be incidental to the damage to TRT USA."

position appeared to be that: (1) promises made to TRT USA should also be considered promises made to Sun, Xu, and Zhang because they were shareholders in TRT USA, and (2) Sun, Xu, and Zhang were injured in that they lost the value of their investment in TRT USA.  Even if promises to TRT USA could be considered promises to its shareholders, dismissal was proper because Sun, Xu, and Zhang failed to explain how they had suffered injury that was not incidental to damage to TRT USA.  The only alleged injury was lost profits based on the shares that they owned in TRT USA.  *See* FAC ¶ 35.  Lost profits based on decreased share value are clearly incidental to damages to the corporation.  Under California law, shareholders may bring an individual cause of action "only if damages to the shareholders were not *incidental* to damages to the corporation."  *Schuster v. Gardner*, 127 Cal. App. 4th 305, 313 (2005).

In their motion for leave to file a motion for reconsideration, the individual counter-claimants appear to argue that they have a claim for fraud based on representations made to them prior to the formation of TRT USA (and thus prior to their becoming shareholders of TRT USA). This argument was not presented to the court while the motion to dismiss the FAC was pending and thus will not be considered.

The court therefore denies the motion for leave to file a motion for reconsideration.

DATED:     7/2/10

_____
RONALD M. WHYTE
United States District Judge

ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION—No. C-09-00882 RMW
CCL                                                                    3