**E-FILED on** __9/14/10__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BEIJING TONG REN TANG (USA), CORP., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRT USA CORPORATION, a California corporation, GUANGMING SUN aka GEORGE SUN, an individual, MEI XU, an individual, PENGTAO ZHANG aka JOHN ZHANG, an individual,<br><br>Defendants.<br>_____<br>TRT USA CORPORATION, a California corporation, GUANGMING SUN, an individual, MEI XU, an individual, PENGTAO ZHANG, an individual,<br><br>Counter-Claimants,<br><br>v.<br><br>BEIJING TONG REN TANG (USA), CORP., a California corporation, CHUANLI ZHOU, an individual,<br><br>Counter-Defendants. | No. C-09-00882 RMW<br><br>ORDER DENYING MOTION FOR AWARD OF PREJUDGMENT INTEREST<br><br>**[Re Docket No. 271]** |

Counter-Claimants TRT USA Corp., Guangming Sun, Mei Xu, and Pengtao Zhang (collectively "Counter-Claimants") move for prejudgment interest on the damages awarded for their claims of fraud, breach of fiduciary duty, misappropriation of trade secret, and defamation. The parties agree that California law governs the recovery of prejudgment interest. However, they dispute whether the court may award prejudgment interest under California law.

California Civil Code § 3288 provides that "[i]n an action for the breach of an obligation not arising from contract . . . interest may be given, *in the discretion of the jury*" (emphasis added). Thus, whether prejudgment interest should be awarded on non-contract claims is a determination for the jury, not for the court. *See Barry v. Raskov*, 232 Cal. App. 3d 447, 457 (1991) (finding that trial court "had no authority to usurp the discretion conferred on the jury" to determine whether prejudgment interest should be awarded). Counter-Claimants have not pointed to any statutes or caselaw suggesting that the court may award prejudgment interest when there has been a jury trial, and the jury was not asked to determine whether prejudgment interest should be awarded. In this case, Counter-Claimants did not seek to have the jury determine whether they should recover prejudgment interest on their claims. The court is thus precluded from usurping the discretion conferred on the jury to make this determination. Moreover, even if the court had the discretionary power to award prejudgment interest, the court would not find such an award to be appropriate in this case. The court therefore denies Counter-Claimants' motion for an award of prejudgment interest.

DATED: 9/14/10

RONALD M. WHYTE
United States District Judge