**E-FILED on** __1/4/2012__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BEIJING TONG REN TANG (USA), CORP., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>TRT USA CORPORATION, a California corporation, GUANGMING SUN aka GEORGE SUN, an individual, MEI XU, an individual, PENGTAO ZHANG aka JOHN ZHANG, an individual,<br><br>    Defendants.<br>_____<br>TRT USA CORPORATION, a California corporation, GUANGMING SUN, an individual, MEI XU, an individual, PENGTAO ZHANG, an individual,<br><br>    Counter-Claimants,<br><br>    v.<br><br>BEIJING TONG REN TANG (USA), CORP., a California corporation, CHUANLI ZHOU, an individual,<br><br>    Counter-Defendants. | No. C-09-00882 RMW<br><br>ORDER ON MOTION TO REVISE OR CORRECT BILL OF COSTS AND ON OBJECTION TO AWARD OF COSTS<br><br>**[Re Docket Nos. 303 and 321]** |

Defendants and counter-claimants TRT USA Corp., Guangming Sun, Mei Xu, and Pengtao Zhang (collectively, "the TRT parties") seek to revise and correct an allegedly inadequate award of costs taxed by the Clerk against Beijing Tong Ren Tang (USA) ("BTRTUSA"). BTRTUSA and Chaunli Zhou oppose the request and object to any costs being taxed. Alternatively, they assert that certain claimed costs are not recoverable.

The court has considered the papers, heard the parties' arguments and hereby grants the motion to revise and correct the award of costs and overrules the objection to the award of costs.

**I**

The issues on which the parties were entitled to a jury trial were tried by a jury beginning on July 28, 2010 and ending on September 2, 2010 with the return by the jury of its Special Verdict on the issues submitted to it. The TRT parties prevailed on most issues and were awarded substantial monetary relief. On October 29, 2010 the court sitting without a jury heard BTRTUSA's claim for injunctive relief which was essentially resolved by stipulation. On December 10, 2010 the TRT parties filed a request that judgment be entered. On March 15, 2011 the Clerk of the Court filed an incomplete and inaccurate judgment (Dck. # 290). On April 11, 2011 BTRTUSA and Zhou filed a renewed Motion for Judgment as a Matter of Law and New Trial (Dck. # 291). On May 2, 2011 the court filed a Corrected Judgment but noted that the Motion for Judgment as a Matter of Law and for New Trial (Dck. # 297) was pending. On May 10, 2005 BTRUSA and Zhou filed a Motion to Alter/Amend or Revise Judgment noting an error in the court's Corrected Judgment (Dck. # 298). On May 27, 2011 the TRT parties first submitted a claim for costs and did so by motion (Dck. # 303).[1] They sought costs in the amount of $164,653.64. On June 7, 2011 the Clerk denied the request for costs as incomplete (Dck. #315). In response, on July 16, 2011 the TRT parties filed an Amended Motion for Costs requesting costs of $101,489.59 (Dck. # 318). On September 13, 2011 the Clerk taxed costs against BTRTUSA in the amount of $21,394.68 (Dck. # 320). As a consequence, on September 23, 2011, the TRT parties filed the current Motion to Revise or Correct Bill of Costs (Dck. #321) seeking to add $78,712.54 to the costs taxed by the Clerk. On October 7,

---

[1] The TRT parties filed a motion for costs rather than submitting a cost bill as required by Rule 54(d) of the Federal Rules of Civl Procedure and Civil Local Rule 54-1(a).

ORDER ON MOTION TO REVISE OR CORRECT BILL OF COSTS AND ON OBJECTION TO AWARD OF COSTS
C-09-00882 RMW

2

2011 BTRTUSA and Zhou filed their opposition to the TRT parties' Motion to Revise or Correct Bill of Costs and objected to the award of any costs. On November 23, 2011 the court ruled on BTRTUSA's Motion for Judgment as a Matter of Law and New Trial (Dck. # 329). An Amended Final Judgment is being filed contemporaneously with this order.

## II

As can be seen from the above chronology, the post-verdict proceedings have not proceeded as smoothly and efficiently as they should have. Nevertheless, it seems clear that the request for costs filed by the TRT parties was not timely. Although Federal Rule of Civil Procedure 54(d) does not set a specific time limit for filing a bill of costs, Civil Local Rule 54-1(a) requires that a prevailing party serve and file a bill of costs "[n]o later than 14 days after entry of judgment." Additionally, the rule advises that "[a]ny party who fails to file a bill of costs within the time period" required "will be deemed to have waived costs." *Id.* Here, the TRT parties did not file their cost bill within the 14 day period following either March 15, 2011, the date the Clerk entered judgment, or May 2, 2011, the date the court's Corrected Judgment was filed. The TRT parties first claimed costs on May 27, 2011.

The court, however, finds that the TRT parties are entitled to relief under Federal Rule of Civil Procedure 60(b). That rule allows the court to grant relief from a final judgment or order for inadvertence (Fed.R.Civ.P. 60(b)(1)) or for any other reason that justifies relief (Fed.R.Civ.P. 60(b)(6)). Although the court is not persuaded by the TRT parties' claim that the time to file a cost bill had not been triggered because no prevailing party had been expressly identified in the Clerk's Judgment or the Court's Corrected Judgment, several reasons nevertheless support relief. The triggering event for the filing of a cost bill is the entry of judgment. However, when that occurred in this case has not been as straightforward as in the normal case. The judgment entered by the Clerk on March 15, 2011 was neither timely nor accurate and was potentially confusing. The court's Corrected Judgment filed May 2, 2011 had a mistake in it which led to an immediate motion by BTRTUSA and Zhou to correct the judgment. At the time the Corrected Judgment was filed, BTRTUSA and Zhou's motion for judgment as a matter of law was pending. Therefore, the parties did not know following the entry of the Corrected Judgment whether that judgment would be

1  amended based upon one or both of the pending motions. Therefore, although the Corrected
2  Judgment had been filed, it was clear that there would be future amendment to that judgment and
3  thus some question as to whether the TRT parties would remain as the prevailing parties.[2]
4  Therefore, there was some colorable basis for the TRT parties' excuse for not filing their bill of costs
5  earlier.

6  Also supporting relief is the fact that BTRTUSA and Zhou have not been prejudiced by the
7  TRT parties delay in seeking costs.

### III

9  The court now addresses the objections that BTRTUSA and Zhou have to certain costs
10 claimed by the TRT parties. The court finds that the costs that remain disputed were actually and
11 necessarily incurred. The printed or electronically recorded transcripts (including the deposition
12 transcript of Renee Li) in the amount of $23,539.65, printing costs for two sets of exhibits in the
13 amount of $1,535.24, and interpreter costs in the amount of $53,637.75 are allowable costs.
14 Therefore, the TRT parties are entitled to the following costs of suit:

```
Fees for service of summons and subpoena:                                    $1,181.00
Fees for printed or electronically recorded transcripts:                    $23,539.65
Fees for disbursements for printing:                                         $1,535.24
Fees for witnesses:                                                            $141.00
Fees for exemplification and the costs of making copies of any materials:    $1,412.38
Compensation of interpreters and costs of special interpretation services:  $53,637.75
```

**TOTAL:**                                                                **$81,447.02**

DATED:     1/4/2012                  _/s/ Ronald M. Whyte_
                                     RONALD M. WHYTE
                                     United States District Judge

---

[2] Although Clerk's entry of judgment was inaccurate and incomplete, the TRT parties should have filed their cost bill within fourteen days following the entry of that judgment. Despite the fact that neither the Clerk's Judgment nor the court's later Corrected Judgment expressly stated that the TRT parties were the prevailing parties, they clearly were. If the TRT parties had any question about that, they should have timely filed a cost bill and then dealt with any challenge to their status as prevailing parties. Nevertheless, the court finds that the TRT parties are entitled to relief from their failure to timely file their cost bill.

ORDER ON MOTION TO REVISE OR CORRECT BILL OF COSTS AND ON OBJECTION TO AWARD OF COSTS
C-09-00882 RMW
4